## STATE v. FOLSOM WATER CO.

No. 11,174; September 15, 1886.

12 Pac. 388.

**Deed — Construction — Condition—Canal — Water Company.—**
Deed construed, and held not to impose on defendant water company
the obligation to complete a certain canal named therein.

APPEAL from Superior Court, Sacramento County.

Action by the state of California to compel the Folsom
Water Company, as assignee of the Natoma Water & Mining
Company, to construct a certain canal according to the terms
and conditions of a deed executed by the latter company
to the state, in words as follows:

"This indenture, made this thirtieth day of June, Anno
Domini eighteen hundred and sixty-eight, between the Natoma
Water & Mining Company, a corporation, duly incorporated
under and by virtue of the laws of the State of California,
and having its principal place of business in the village of
Folsom, in said state, party of the first part, and the State
of California, party of the second part, witnesseth, that the
said party of the first part, for and in consideration of the
sum of one dollar, lawful money of the United States, to it
in hand paid by the second party, receipt whereof is hereby
acknowledged, and in further consideration of fifteen thou-
sand dollars ($15,000) in convict labor, rated at fifty cents
per diem, to be furnished to said first party in aid of its water-
power canal enterprise, by said party of the second part, but
only at the convenience of the state, and whenever it may be
deemed advisable and judicious by the board of state prison
directors of said state, has granted, bargained, sold, conveyed,
and confirmed, and by these presents does grant, bargain,
sell, convey, and confirm, unto the said state of California,
forever, all that certain piece or parcel of land situate, lying,
and being in Granite township, Sacramento county, state of
California, and being a portion of the larger tract patented
by the United States government under the name of 'Rancho
Rio de los Americanos'; the portion thereof herein conveyed

being particularly and specifically described as follows, to wit: Beginning at a point on the east boundary line of said rancho, fifteen feet from where said line, projected northwardly, intersects the American river at high-water mark; thence, along said east boundary of said rancho, south seventy-five (75) chains and fifty (50) links, to a point; thence, at a right angle west, to a point within ten feet of the eastern line of the water canal of the Natoma Water & Mining Company, which said canal is near the eastern bank of the American river; thence northerly, along said canal and ten feet from the eastern line thereof, to a point ten feet above the dam across said American river constructed by and belonging to said Natoma Water & Mining Company; thence, at a right angle westerly, to a point fifteen (15) feet above the American river at high-water mark; thence, along said river, northeasterly, following its meanderings on a line fifteen feet above high-water mark, to the place of beginning,—containing three hundred and fifty (350) acres of land; together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, or in anywise appertaining, with the timber standing thereon, and the granite quarries contained therein, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof, and also all the estate, right, title, interest, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said party of the first part of, in, or to the above-described premises, and every part and parcel thereof, with the appurtenances; also the exclusive right forever to the use of the first fall five feet perpendicular of the whole water of the canal at the upper end of that place on the canal known as 'Prison Yard,' with all rights, privileges, and easements necessary for the taking and enjoyment of power from said fall; it being understood that the said party of the first part reserves to itself the subsequent power resulting from the flow of water in said canal after the first fall as aforesaid, and that this instrument is not to be construed as granting unto said state the right to divert said water, or any material quantity thereof, permanently from said canal. To have and to hold all and singular the above mentioned and described premises, together with the appur-

tenances, unto the said state of California, forever. And the said party of the first part warrants the said premises to be free from all and every incumbrance of any kind, character, or description, and against any and all incumbrances now existing upon said premises, created or suffered by said party, or by any other party, will forever warrant and defend. But, in accordance with the resolutions upon the branch state prison location passed by the board of state prison directors on the eighteenth day of June, A. D. 1868, the above grant of water-power is upon condition always that said board of state prison directors do furnish and supply, at such times and in such manner as it may deem advisable and judicious, fifteen thousand dollars in convict labor, rated at fifty cents per diem for each convict employed, unto said first party, in aid and construction of its water-power canal and adjuncts now partially completed along the western line of the lands heretofore described, or so much of the same as may suffice for the completion of dam and canal down to the point of delivering the said water-power, at the upper part of prison yard, as already mentioned.

"In witness whereof, the president and secretary of the said Natoma Water & Mining Company, acting for said company under and by virtue of a resolution passed by the board of trustees of said company, at a regular meeting thereof holden at Folsom on the thirtieth day of April, A. D. eighteen hundred and sixty-eight, which said resolution is in the following words, to wit: 'Resolved, that the committee on prison site be also authorized to make all arrangements with the board of state prison directors for the location of a branch prison upon the company's property; and the president and secretary are hereby empowered and directed to execute, on behalf of this company, any and all deeds and agreements to and with said board of state prison directors on behalf of the state of California, as shall be agreed to between the said board and this company's committee on prison site,'— which resolution still stands as an order of said board of trustees upon the books of said company, unrevoked and unrepealed,—have hereunto set their hands and seals, the said Natoma Water & Mining Company having no corporation seal, on the day and year first above written.

"The word 'Rio' is interlined between the fourth and fifth lines of the second page, before signing.

[Seal]                    "HORATIO G. LIVERMORE,
          "President of the Natoma Water & Mining Co.
[Seal]                    "ROGER S. DAY,
          "Secretary of the Natoma Water & Mining Co."

Defendant demurred to the complaint; and, the demurrer being sustained, the state appealed.

E. C. Marshall, attorney general, and W. B. Treadwell for appellant; A. P. Catlin for respondent.

By the COURT.—We are of opinion that the deed from the Natoma Water & Mining Company to the state did not impose an obligation upon the company to proceed to the completion of the canal. Therefore the ruling of the court below on the demurrer was correct. Judgment affirmed.